IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

v.                                                                          **DOCKET NO.: 4:25-CR-27-RH**

**AUSTIN MARKO COATES,**
    **DEFENDANT.**
_____/

## AMENDED
## AUSTIN COATES' SENTENCING MEMORANDUM

COMES NOW the Defendant, Austin Marko Coates, by and through the undersigned counsel and submits this Sentencing Memorandum and would state as follows:

**1)** In *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow in imposing sentences after *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. *Talley*, 431 F.3d at 786 (citation omitted). Second, the district court must consider several factors to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the

Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. *Id*.  See also 18 U.S.C. § 3553(a).

    **2)**  *Booker* rendered the Sentencing Guidelines advisory, 543 U.S., at 245, 125 S. Ct. 738, 160 L. Ed. 2d 621, and it preserved a key role for the Sentencing Commission.  *Kimbrough v. United States*, 552 U.S. ___, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).  The Commission's recommendation of a sentencing range will "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Id. quoting Rita v. United States*, 551 U.S. ___, 127 S.Ct. 2456, 168 L. Ed. 2d 203.  The sentencing judge, on the other hand, is "in a superior position to find facts and judge their import under § 3553(a) in each particular case." *Id. quoting Gall v. United States*, *ante* at ___, 128 S. Ct. 586, 169 L. Ed. 2d, at 458 (internal quotation marks omitted).  A district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply."  *Id. quoting Rita v. United States*, 551 U.S.at ___, 127 S.Ct. 2456, 168 L. Ed. 2d 210.

    **3)**  Mr. Coates does not have "objections" to the Presentence Report (PSR) and Addendum to the Presentence Report.

    **4)**  The matters Mr. Coates desires to bring to the Court's attention are several-fold. They are:

> **Mr. Coates' Pre-Charging Acceptance of Responsibility and Cooperation –**
>
> The government commendably sets forth the scope and extent of Mr. Coates' cooperation and acceptance of responsibility in this matter in its sentencing memorandum.

**Restitution-**

Mr. Coates intends on paying restitution up front and immediately upon the Court's determination of the amount. The undersigned highlights this because there is presently an order enjoining the sale of the family home, jointly owned by Mr. Coates and his brother, without the prior approval of the Court. The objective of the Defendant is to satisfy restitution and discontinue any interest the government may have in the property.

**Mr. Coates' Lifetime of Mental Health Challenges-**

Dr. Martin Falb will be called by the defense at sentencing. Dr. Falb is a forensic psychologist with significant experience evaluating sex offenders. The defense believes Dr. Falb will offer:

- Mr. Coates has significant trauma from early childhood development.
- This trauma has caused personality disorders. This causes significant deficits in Mr. Coates' communication skills, interpersonal skills and self-care skills.
- In turn, the personality disorder is causally linked to his engagement in the criminal activity that is the subject of this case.
- The foregoing, in conjunction with a lengthy psycho-social/mental health record including Autism, places Mr. Coates in a much different category than a normal offender when it comes to how difficult a sentence is on an individual.
- Mr. Coates is on the lower end of the continuum as it relates to recidivism and the likelihood to reoffend.
- Sex offender probation and the strict requirements will aid Mr. Coates in not reoffending because of denial of access to the material.

**Mr. Coates' Motivation for His Conduct-**

It is difficult to understand why an individual engages in the behavior that is the subject of this case. The conduct is vile and repugnant. However, the motivations for engaging in the behavior are born out of early childhood trauma. In some respects, Mr. Coates didn't get a fair shake. Dr. Falb will be better able to describe the pathway that brought us to this point. Importantly, Mr. Coates' conduct is not motivated out of malice. Likewise, he does not have the same "boundary" concepts that most people do because of his mental illness.

**Mr. Coates' Remorse-**

Mr. Coates' presentation before the Court may come across as blunt. The undersigned does not want this to be misperceived as a lack of remorse. This is his normal presentation as a result of his psychological makeup. The undersigned can advise the Court that in private discussions Mr. Coates has evidenced

recognition of his wrongdoing and he has been very emotional about having harmed the victims in this case.

### Mr. Coates' Renunciation of Conduct-

There is some indication that Mr. Coates recognized his wrongdoing and turned his behavior around. He may have even recognized that he was potentially being investigated. Be that as it may, the evidence appears to indicate Mr. Coates ceased engaging in the criminal conduct and was able to conform his behavior to appropriate standards.

### Mr. Coates' Capacity to be Productive-

While awkward and strange, Mr. Coates is a very intelligent person. He is well educated in very specialized and specific academic spheres. Listening to him describe his post-bachelor's degree pursuits with respect to music and mathematical approaches is/was fascinating. Mr. Coates is very capable of holding down employment and being a productive member of society.

**WHEREFORE**, Mr. Coates prays this Court will consider the above stated information in arriving at an appropriate sentence and final disposition.

Respectfully submitted,

 /s/ Robert A. Morris
 _____
Robert A. Morris, Esq.
Fla. Bar ID No.: 0144680
The Law Offices of Robert A. Morris, LLC
1020 E. Lafayette St.
Ste. 112
Tallahassee, Florida 32301
Telephone No.: (850) 792-1111
alex@ramlawyer.com
Attorney for Defendant

- 5 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by electronic delivery on this 30th day of July, 2025, to Justin Keen, Assistant United States Attorney at justin.keen@usdoj.gov.

*/s/ Robert A. Morris*
_____
Robert A. Morris, Esq.